UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANTE COLBERT,

        Plaintiff,

    v.

A. LILE, et al.,

        Defendants.

Case No. 25-cv-00231-TLT

**ORDER OF DISMISSAL**

ECF 17

Plaintiff, a prisoner at San Quentin Rehabilitation Center (SQRC), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint (FAC) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed for failure to state a claim upon which relief can be granted.

a. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### b.    Plaintiff's Claims

Plaintiff's FAC names the mailroom supervisor, material and store supervisor, and business service officer at SQRC. He alleges that each defendant failed to locate the prescription transitional glasses he ordered, although he had a tracking number and proof of delivery from the shipper. He alleges this conduct constituted deliberate indifference to his serious medical needs.

Plaintiff has not stated an Eighth Amendment claim. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* Plaintiff has not alleged, and cannot plausibly allege, that the mailroom supervisor, material and store supervisor, and business service officer at SQRC drew an inference that failure to locate his delivery would cause him serious medical risk. In addition, the only step that these officials could reasonably have been expected to take to abate any such risk would be to look for his glasses in their respective domains. Plaintiff has not alleged that they failed to take that reasonable step. Additionally, plaintiff's claim of harm is too attenuated from defendants' conduct to be attributable to it, and he cannot demonstrate causation. *See Conn v. City of Reno*, 591 F.3d 1081, 1098 (9th Cir. 2010), *reinstated as modified by* 658 F.3d 897 (9th Cir. 2011).

Plaintiff can (1) request that the company from which he ordered the glasses resend them, and (2) he can ask to be evaluated for a pair of tinted transitional glasses by medical staff to address his medical needs.

### CONCLUSION

For the foregoing reasons, the Court orders as follows.

Even liberally construed, the allegations do not give rise to any federal claims against any named defendant. Further amendment will not be allowed because it would be futile. The complaint is dismissed for failure to state a claim upon which relief can be granted. The clerk shall enter judgment and close the file.

This order resolves ECF 17.

**IT IS SO ORDERED.**

Dated: March 28, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

3